UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| INDALECIO GARZA-GAYTAN, | ) |
| Petitioner, | ) ) ) |
| v. | ) No. 2:17-cv-00443-JMS-DLP ) |
| JEFFREY E. KRUEGER Warden, | ) ) |
| Respondent. | ) |

**Entry Denying Petition for a Writ of Habeas Corpus**

For the reasons explained in this Entry, Indalecio Garza-Gayton's petition for a writ of habeas under 28 U.S.C. § 2241 must be **denied.**

**I. Factual Background**

On September 18, 1989, Mr. Garza-Gaytan was granted temporary resident status pursuant to the legalization provisions of 8 U.S.C. § 1255a. On August 12, 1990, Mr. Garza- Gaytan's status was adjusted to that of a lawful permanent resident pursuant to 8 U.S.C. § 1255a(b).

Mr. Garza-Gaytan was served with an NTA and placed in removal proceedings on May 10, 2005, based on his 2001 conviction for aggravated assault with a deadly weapon. An immigration judge denied Mr. Garza-Gaytan's application for deferral of removal under the Convention Against Torture (CAT) and ordered him removed from the United States on July 20, 2006. The removal order was executed on August 15, 2008, and he was returned to Mexico.

Mr. Garza-Gaytan reentered the United States without permission sometime in August of 2008, and was apprehended by immigration authorities. He claimed fear of return to his home country of Mexico and after an asylum officer found that Mr. Garza-Gaytan had a reasonable fear,

he was referred to an immigration judge for determination on his application for deferral of removal under the CAT.

On December 8, 2009, while waiting for his application for deferral of removal under the CAT to be heard by an immigration judge, Mr. Garza-Gaytan claimed to his deportation officer that he was a United States citizen. Mr. Garza-Gaytan alleged that he derived citizenship through his United States Citizen mother. The San Antonio Field Office and Port Isabel Detention Center determined that Mr. Garza-Gaytan failed to provide enough evidence of his mother's physical presence in the United States for a probative claim of citizenship under 8 U.S.C. § 1409(c).

Mr. Garza-Gaytan filed an N-600, Application for Certificate of Citizenship on November 8, 2010, with United States Citizenship and Immigration Services (USCIS). USCIS denied the application on December 6, 2011, due to lack of evidence regarding the physical presence of Mr. Garza-Gaytan's mother in the United States for a period of one year prior to Mr. Garza-Gaytan's birth in Mexico as required under 8 U.S.C. § 1409(c).

On November 17, 2010, an immigration judge denied Mr. Garza-Gaytan's application for deferral of removal under the CAT and also found that Mr. Garza-Gaytan failed to meet his burden of proving he was a United States Citizen. The Board of Immigration Appeals dismissed Mr. Garza-Gaytan's appeal on April 13, 2011, and Mr. Garza-Gaytan was removed to Mexico on or about April 13, 2011.

On an unknown date and at an unknown time, Mr. Garza-Gaytan re-entered the United States without permission. On July 19, 2016, Mr. Garza-Gaytan was convicted in the United States District Court, Eastern District of Kentucky – Southern District at London of conspiracy to distribute 500 grams or more of cocaine and conspiracy to distribute 100 grams or more of a

mixture or substance containing heroin. Mr. Garza-Gaytan was sentenced to 49 months in the U.S. Bureau of Prisons on each count to run concurrently.

Immigration and Customs Enforcement (ICE) lodged a detainer with the Bureau of Prisons on September 9, 2016.

On September 20, 2017, Mr. Garza-Gaytan again claimed that he is a U.S. citizen. ICE reviewed his administrative file and previous N-600 Application. Based on this review, ICE concluded Mr. Garza-Gaytan had not established a probative claim to U.S. citizenship. ICE nonetheless cancelled and lifted the detainer on October 26, 2017.

## II. Discussion

A federal court may issue the writ of habeas corpus sought in this action only if it finds the applicant "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "A necessary predicate for the granting of federal habeas relief [to a petitioner] is a determination by the federal court that [his or her] custody violates the Constitution, laws, or treaties of the United States." *Rose vs. Hodges,* 423 U.S. 19, 21 (1975).

In this case, Mr. Garza-Gaytan seeks a writ of habeas corpus "directing that Petitioner be determined to be a Citizen of the United States pursuant to his birth right and the laws of the United States." Dkt. 2 at 1. The Respondent argues that this Court lacks jurisdiction to decide this nationality claim and that the petition should be dismissed.

Specifically, the Respondent argues that the only proper channel for Mr. Garza-Gayton to seek judicial review of his claim to United States citizenship is an action in this Court seeking a declaratory judgment of citizenship. The Respondent goes on to argue that even if Mr. Garza-Gaytan had filed a declaratory judgment action under 28 U.S.C. § 2201, he would not be entitled

3

to relief because he failed to exhaust his administrative remedies and failed to commence the action within the time required.

Mr. Garza-Gaytan requested and was given an extended period of time (through March 30, 2018) to file a reply but he failed to do so. Mail sent to Mr. Garza-Gayton has been returned as undeliverable and the Bureau of Prisons website reflects that he has been released.

Mr. Garza-Gaytan's petition does not challenge his conviction or sentence. Instead he is seeking to challenge a deportation order from ICE. Thus, he cannot use a petition for a writ of habeas corpus to obtain the relief he seeks. The § 2241 petition must be dismissed.

### III. Conclusion

For the reasons explained in this Entry Mr. Garza-Gaytan has failed to show that he is entitled to the relief he seeks and his petition for writ of habeas corpus pursuant to § 2241 must be **denied** and this action dismissed. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 4/10/2018

_Hon. Jane Magnus-Stinson, Chief Judge_
United States District Court
Southern District of Indiana

Distribution:

INDALECIO GARZA-GAYTAN
20538-279
TERRE HAUTE - USP
TERRE HAUTE U.S. PENITENTIARY
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808

Jill Z. Julian
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
jill.julian@usdoj.gov